IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MELISSA SINCLAIR**                                                                                             **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 5:23-cv-00086-KS-BWR**

**THE KROGER CO.**
**and DOE DEFENDANTS 1 THROUGH 5**                                                      **DEFENDANTS**

### ANSWER AND DEFENSES OF KROGER DEFENDANT

**COMES NOW** Defendant, Kroger Limited Partnership I, (incorrectly identified as "The Kroger Co." in the Complaint and sometimes referred to throughout as "Kroger" or "Kroger Defendant"), by and through counsel, and in answer to the Complaint states as follows:

### FIRST DEFENSE

That the Complaint does not state a cause of action against any Defendant sufficient under law for any type of recovery and therefore all claims should be denied and the Complaint should be dismissed with prejudice. Fed. R. Civ. P. 12.

### SECOND DEFENSE

Answering the allegations of the Complaint, and without waiving any defenses, the Kroger Defendant states:

### PARTIES, JURISDICTION, VENUE

1.

Kroger is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint, but upon information and belief, admits only that Plaintiff is a resident of Pike County, Mississippi.

2.

The Defendant, Kroger Limited Partnership I, admits only that it has been served and hereby gives notice that it operates the grocery store in question. Further, Defendant provides the following CORPORATE DISCLOSURE STATEMENT for KROGER LIMITED PARTNERSHIP I. The partners of Kroger Limited Partnership I are: KRGP Inc. is the general partner. It is an Ohio Corporation with Ohio citizenship. There are no parent corporations nor any publicly held corporations which own ten percent (10%) or more of its stock. The Kroger Co. is the limited partner. It is an Ohio Corporation with Ohio citizenship. There are no parent corporations nor any publicly held corporations which own ten percent (10%) or more of its stock.

3.

Kroger is without sufficient information to admit or deny the allegations of this paragraph, and they are therefore denied.

4.

Kroger notes that the allegations of this Paragraph are conclusory statements of law or fact which require no response at this time and are therefore denied.

**GENERAL FACTS**

5.

Kroger notes that the allegations of Paragraph 5 constitute conclusory statements of law or fact which require no response at this time and are denied. Kroger admits only, upon information and belief, that Plaintiff was present at the Kroger Store located at 1617 Delaware Avenue in McComb, Mississippi on or about May 25, 2020.

6.

The allegations of Paragraph 6 of the Complaint are admitted upon information and belief.

7.

The Defendant, Kroger Limited Partnership I, admits only that it operated the grocery store located at 1617 Delaware Avenue in McComb, MS during the relevant timeframe. The remaining allegations are denied.

8.

The allegations of Paragraph 8 of the Complaint are admitted upon information and belief.

9.

Kroger notes that the allegations of Paragraph 9 are conclusory statements of law or fact which require no response at this time and are denied. Kroger further responds that those allegations of fault and damages are specifically denied at this time.

10.

Kroger notes that the allegations of Paragraph 10 are conclusory statements of law or fact which require no response at this time and are denied.

11.

Kroger is without sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are denied.

**COUNT ONE: NEGLIGENCE OF DEFENDANT KROGER**

12.

Kroger notes that the allegations of Paragraph 12 constitute conclusory statements of law or fact which require no response at this time and are denied.

13.

Denied as stated. Kroger notes that the allegations of Paragraph 13 merely constitute conclusory statements of law or fact which require no response at this time. To the extent Plaintiff

3

is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

14.

Denied. The allegations of Paragraph 14 constitute conclusory statements of law or fact which require no response at this time and are denied. Any allegations of fault or liability are specifically denied and strict proof thereof is demanded.

15.

The allegations of Paragraph 15 are denied.

16.

Denied as stated. The allegations of Paragraph 16, including subparagraphs (A). – (D)., constitute conclusory statements of law or fact which require no response at this time and are denied. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

**COUNT TWO: NEGLIGENCE OF DOE DEFENDANTS**

17.

Kroger notes that the allegations of Paragraph 17 constitute conclusory statements of law or fact which require no response at this time and are denied.

18.

The allegations of Paragraph 18 of the Complaint are denied.

19.

The allegations of Paragraph 19 of the Complaint are denied.

20.

The allegations of Paragraph 20 of the Complaint are denied.

21.

The allegations of Paragraph 21 of the Complaint are denied.

22.

Kroger notes that the allegations of Paragraph 22 and its subparts, (a) through (d) merely constitute conclusory statements of law or fact which require no response at this time. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

### COUNT THREE: VICARIOUS LIABLITY OF DEFENDANT KROGER

23.

Kroger notes that the allegations of Paragraph 23 constitute conclusory statements of law or fact which require no response at this time and are denied.

24.

Kroger notes that the allegations of Paragraph 24 are conclusory statements of law or fact which require no response at this time and are denied. Kroger further responds that any allegations of fault and damages are specifically denied at this time.

25.

The allegations of Paragraph 25 of the Complaint are denied.

26.

Denied. The allegations of Paragraph 26 constitute conclusory statements of law or fact which require no response at this time and are denied. Any allegations of fault or liability are specifically denied and strict proof thereof is demanded.

27.

Kroger notes that the allegations of Paragraph 27 and its subparts, (a) through (d) merely constitute conclusory statements of law or fact which require no response at this time. To the extent

Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

### COUNT FOUR: GROSS NEGLIGENCE OF DEFENDANTS

28.

Kroger notes that the allegations of Paragraph 28 constitute conclusory statements of law or fact which require no response at this time and are denied.

29.

Denied as stated. The allegations of Paragraph 29 constitute conclusory statements of law or fact which require no response at this time and are denied. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

30.

Kroger notes that the allegations of Paragraph 30 are conclusory statements of law or fact which require no response at this time and are denied. Kroger further responds that those allegations of fault and damages are specifically denied at this time.

31.

Kroger notes that the allegations of Paragraph 31 are conclusory statements of law or fact which require no response at this time and are denied. Kroger further responds that those allegations of fault and damages are specifically denied at this time.

32.

The allegations of Paragraph 32 merely constitute conclusory statements of law or fact which require no response at this time and are denied. This Defendant expressly denies any fault or liability at this time and further denies that the Plaintiff is entitled to any award in any amount or relief in any nature.

## AD DAMNUM CLAUSE

33.

The allegations of Paragraph 33, including subparagraphs (A). – (E)., merely constitute conclusory statements of law or fact which require no response at this time and are denied. This Defendant expressly denies any fault or liability at this time.

## PRAYER FOR RELIEF

34.

In answer to the paragraph which begins with the phrase "WHEREFORE", Kroger Defendant at this time denies liability and denies that the Plaintiff is entitled to a judgment against it for any of the claims and allegations included in the complaint, or for any forms of compensatory damages, consequential, incidental, extra-contractual and/or punitive damages, or costs and expenses, costs of court, attorney's fees, pre-judgment interest, post-judgement interest or for any other relief or recovery of any kind, type, or sort whatsoever.

35.

Kroger notes that the allegations of Paragraph 35 constitute conclusory statements of law or fact which require no response at this time.

## ADDITIONAL AFFIRMATIVE DEFENSES

And now, without waiving any defenses that have already been asserted, Kroger Defendant states the following:

## THIRD DEFENSE

The affirmative statements and denials contained in the foregoing Answer are incorporated herein by reference.

## FOURTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert that it did all required of it in the premises and was in no way negligent or otherwise at fault.

## FIFTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert that it was at all times in compliance with the requisite standard of care and is not liable or responsible to the Plaintiff for any reason whatsoever.

## SIXTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert, if applicable, and subject to withdrawal, contributory negligence as a defense hereto, and asserts §11-7-15 of the Mississippi Code.

## SEVENTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert, if applicable, and subject to withdrawal, failure to exercise due and proper caution for Plaintiff's own safety, and that the Plaintiff's conduct is the sole or a proximate cause of whatever may have occurred.

## EIGHTH DEFENSE

If applicable, and subject to withdrawal, Kroger Defendant asserts § 85-5-7 of the Mississippi Code.

## NINTH DEFENSE

That Kroger Defendant is in no way responsible for the acts of others who are not under its direction and control.

**TENTH DEFENSE**

If applicable, and subject to withdrawal, Kroger Defendant asserts, as may be applicable in this action, any and all defenses of pre-existing medical conditions, or disease, handicap, or lesions, or any other condition involving the Plaintiff.

**ELEVENTH DEFENSE**

Kroger Defendant, as may be applicable in this action, denies that the Plaintiff is entitled to any type of recovery from Answering Defendant[s].

**TWELFTH DEFENSE**

Kroger Defendant reserves the right to amend this Answer at any time prior to trial.

**THIRTEENTH DEFENSE**

Kroger Defendant, as may be applicable in this action, denies all allegations contained in the Complaint which seek to impose liability for damages, compensatory or punitive, arising from or connected with the allegations of the Complaint and the Plaintiff.

**FOURTEENTH DEFENSE**

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert as may be applicable in this action that the sole proximate cause, or in the alternative a proximate contributing cause, of any alleged damages sustained by the Plaintiff is the negligence or wrongful acts of others for which Kroger is not liable or is the direct result of other causes and conditions over which Kroger had no control.

**FIFTEENTH DEFENSE**

The facts not having been fully developed, Kroger Defendant affirmatively pleads the following affirmative defenses as may be applicable in this action: improper venue; insufficiency of process or the service of process; failure to join necessary parties; the terms, provisions and

conditions of any contract or agreement; accord and satisfaction, assumption of risk; contributory negligence; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; the alleged losses and damages complained of were proximately caused or proximately contributed to by external forces, acts of nature, force majeure, or negligent acts of others for whom this Defendant is not responsible or liable; and any other matter constituting an avoidance or affirmative defense.

## SIXTEENTH DEFENSE

Kroger Defendant invokes the limitations, protections, caps on non-economic damages, and immunities afforded it by the Mississippi Malpractice Tort Reform Act, as amended including, but not limited to, Section 7, MCA § 11-1-65; the Mississippi Constitution and the United States Constitution. Without waiving any other affirmative defense and pleading in the alternative, this Defendant further pleads being entitled to all rights, benefits and privileges afforded by the Mississippi Legislature and the Mississippi Code, in particular but not limited to certain enactments as set forth in the 2002 Mississippi Laws Third Extraordinary Session, Chapter 4 (H.B. No. 19) – Civil Justice Reform Act and the 2004 Mississippi Laws First Extraordinary Session, Chapter 1 (H.B. No. 13) – Civil Procedure – Tort Reform – Venues; Damages; Juries, etc. and this Defendant expressly reserves all rights provided thereby, including transfer of venue, and limitations on damages.

## SEVENTEENTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right, as may be applicable in this action, to assert that any alleged losses and damages complained of by the Plaintiff were proximately caused or proximately contributed to by the Plaintiff, or by external forces, acts of nature, force majeure, or negligent or wrongful acts of others for whom Defendants are not responsible nor liable.

**EIGHTEENTH DEFENSE**

The facts and circumstances not being fully discovered, these answering Defendants expressly reserve the right, as may be applicable in this action, to assert and seek contribution and apportionment from others pursuant to Miss. Code Ann. § 85-5-7. Any fault of Kroger, although Kroger expressly denies any fault, was minimal and of no consequence in comparison to the wrongful acts of the Plaintiff or others for which Kroger is not responsible, therefore Kroger is entitled to apportionment, contribution, and/or indemnity from any other entities at fault, and Kroger is responsible only for any percentage of fault directly attributable to it.

**NINETEENTH DEFENSE**

The facts and circumstances not being fully discovered, answering Defendant[s] expressly reserves the right to assert, if appropriate, as may be applicable in this action, that Plaintiff failed to mitigate damages, if any. Kroger should not be liable or responsible for damages allegedly sustained by the Plaintiff, if any, that were caused or contributed to by the Plaintiff's negligence and failure to mitigate damages or take reasonable steps to avoid damages, or lessen resulting damages, or otherwise exercise ordinary or reasonable care and diligence.

**TWENTIETH DEFENSE**

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of intervening acts or subsequent or superseding events which were the proximate or substantially contributing cause, Answering Defendant[s], as may be applicable in this action, reserves the right to defend on said basis.

**TWENTY FIRST DEFENSE**

As a matter of fact, the Plaintiff has no claim against Answering Defendant[s].

**TWENTY SECOND DEFENSE**

As a matter of law, the Plaintiff has no claim against Answering Defendant[s].

## TWENTY THIRD DEFENSE

Answering Defendant[s] deny all of the allegations of the Complaint not specifically admitted in the answer, and, as may be applicable in this action, deny that the Plaintiff is entitled to any relief whatsoever from Answering Defendant[s].

## TWENTY FOURTH DEFENSE

If appropriate, and subject to withdrawal, if Plaintiff failed to mitigate damages Answering Defendant[s] should not be liable or responsible for damages allegedly sustained by the Plaintiff, if any, that were caused or contributed to by the Plaintiff's negligence and failure to mitigate damages or take reasonable steps to avoid damages, or lessen resulting damages, or otherwise exercise ordinary or reasonable care and diligence.

## TWENTY FIFTH DEFENSE

Kroger Defendant reserves the right to file any claim allowed to it pursuant to Rules 13 and/or 14 of the Federal Rules of Civil Procedure, and places the Plaintiff on notice of such.

## TWENTY SIXTH DEFENSE

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of an intervening act or subsequent or superseding event which was the sole proximate or substantially contributing cause, Answering Defendant[s] reserves the right to defend on said basis.

## TWENTY SEVENTH DEFENSE

Plaintiffs have failed to state a claim upon which punitive or exemplary damages may be awarded. Defendants assert and plead the applicable provisions of Miss. Code Ann. § 11-1-65, as amended, which pertain to the imposition of punitive damages. Defendants affirmatively assert all defenses and limitations afforded by *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003); and asserts that they may never incur vicarious liability for punitive damages under

applicable Mississippi law, including, but not limited to, Mississippi Code Annotated Section 11-1-65.

## TWENTY EIGHTH DEFENSE

Defendants aver that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to the Defendants under the Constitution of the State of Mississippi and the Constitution of the United States of America, including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, imposition would allow a verdict tainted by passion and prejudice, and Plaintiffs impermissibly seeks a punitive damage award that bears an unconstitutional relationship to the alleged actual amount in question. Imposition of punitive damages in this case would constitute a violation of the Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to legitimate government interests. It violates the rights and safeguards guaranteed by the Constitution of the United States of America and the Constitution of the State of Mississippi to impose punitive damages against the Defendants which are penal in nature by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases in this state. The awarding of disproportionate judgments against a Defendant who commits similar offenses resulting in

similar injury, who differs only in material wealth, constitutes an arbitrary and invidious discrimination prohibited by the Equal Protection Clauses and rights of the Defendant under the Fourteenth Amendment to the Constitution of the United States.

### TWENTY NINTH DEFENSE

Defendants have acted in good faith and not acted in a manner to evidence willful and wanton grossly negligent conduct towards Plaintiffs.

### THIRTIETH DEFENSE

Defendants have acted reasonable and have not acted with any conduct which could be characterized as being grossly negligent, willful, wanton, or intentional with reckless disregard for the rights of the Plaintiffs.

### THIRTY FIRST DEFENSE

Because of the lack of clear standards, the imposition of punitive damages against Defendants would be unconstitutionally vague and/or overly broad.

### THIRTY SECOND DEFENSE

No act or omission of Defendants was malicious, willful, wanton, reckless, outrageous or grossly negligent and, therefore, any award of punitive damages is barred.

### THIRTY THIRD DEFENSE

With respect to Plaintiffs' demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards Defendants stated in *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996) and its progeny including *State Farm v. Campbell*, 538 U.S. 408 (2003).

AND NOW, having answered the allegations as contained in the Complaint, and having asserted defenses thereto, Kroger Defendant prays that the Plaintiff's Complaint should be dismissed and that all costs associated with the Complaint should be taxed against the Plaintiff, including the Defendant's expenses and legal fees, and Defendant further prays for any other relief this Court may deem appropriate.

**RESPECTFULLY SUBMITTED**, this the 27th day of September, 2023.

FOR:   **KROGER LIMITED PARTNERSHIP I**

BY:   */s/ Michael E. Phillips*
       Michael E. Phillips

OF COUNSEL:

Michael E. Phillips (MSB #100119)
Claire K. Robinett (MSB 104984)
**HAGWOOD AND TIPTON**
213 Draperton Drive | Suite A
Ridgeland, MS 39157
Telephone: 601-608-6300
Fax: 601-362-3642
Email: mphillips@hatlawfirm.com
Email: crobinett@hatlawfirm.com

**CERTIFICATE OF SERVICE**

I, the undersigned, attorney of record for Defendant, Kroger Limited Partnership I, do hereby certify that I have this day served copies of the foregoing *Answer and Defenses* via the ECF filing system, which sent notice to the following counsel of record:

Robert C. Boyd (MSB #4218)
ROBERT BOYD and ASSOCIATES, PLLC
103 Woodchase Park Drive (39056)
P.O. Box 1297
Clinton, MS 39060-1297
Phone: 601-925-5511
Fax: 601-925-5533
Email: Robert@BoydAttorneys.com
　　　　LawyerBoyd@gmail.com
ATTORNEY FOR PLAINTIFF

**THIS**, the 27th day of September, 2023.

　　　　　　　　　　　　　　　　　BY:　*/s/ Michael E. Phillips*
　　　　　　　　　　　　　　　　　　　　Michael E. Phillips